UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------------------
:
UNITED STATES OF AMERICA,                   :
: CASE NO. 5:15CR245
        Plaintiff,                                :
:
v.                                          : ORDER & OPINION
: [Resolving Docs. 222, 228]
:
ANGEL PICHARDO-MARTINEZ,                    :
:
        Defendant.                                :
-------------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On December 8, 2015, Defendant Angel Pichardo-Martinez filed a motion to suppress wiretap evidence.[1/] On December 17, 2015, this Court held a hearing on the motion.

For the below reasons, this Court **DENIES** the motion to suppress wiretap evidence.

## I. Discussion

On October 21, 2014, Judge John R. Adams authorized the wire interception of three phone lines used by Emery Lee.[2/] On November 19, 2014, Judge Adams again issued an order authorizing the wire interception of three phone lines used by Emery Lee.[3/]

Defendant now moves to suppress all evidence obtained from wiretaps against and involving Defendant from November 1, 2014 to December 31, 2014, and any evidence derived

---

[1/] Doc. 222. The Government filed a response Doc. 228.
[2/] Doc. 229-1.
[3/] Doc. 229-2.

1

Case No. 1:15-CR-245
Gwin, J.

from the wiretaps.[4]

At the December 17, 2015, hearing, Defendant's counsel conceded that there was probable cause for the wiretaps. While not arguing that the affidavits showed probable cause to wiretap three phones associated with Emery Lee, Defendant Pichardo-Martinez primarily argues the wiretap evidence should be suppressed because the Government failed to show the inadequacy of alternative investigatory procedures.

18 U.S.C. § 2518(1)(c) requires that each application for a wiretap include a "full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." Section 2518(3)(c) states that the judge must determine that, "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous."

As an initial matter, the Sixth Circuit recommends that "great deference" should be accorded to the determination of the issuing judge when reviewing the validity of an electronic surveillance order.[5]

Further, the Sixth Circuit has clarified that the purpose of the necessity requirement "is not to foreclose electronic surveillance until every other imaginable method of investigation has been unsuccessfully attempted, but simply to inform the issuing judge of the difficulties involved

---

[4] Doc. 222.

[5] *United States v. Corrado*, 227 F.3d 528, 539 (6th Cir. 2000) (internal citation omitted). *See also* 2 Law of Electronic Surveillance 6:33 "In any event, where a district judge reviews issuance of a surveillance order by a colleague, the reviewing judge, when evaluating the probable cause showing in the affidavit, should give deference to the issuing judge, and review the affidavit on the basis of the totality of the circumstances and in a reasonable, common sense manner" citing to *U.S. v. Sherrills*, 2007 WL 3353568 (N.D. Ohio 2007), aff'd, 432 Fed. Appx. 476, 85 Fed. R. Evid. Serv. 1227 (6th Cir. 2011).

Case No. 1:15-CR-245
Gwin, J.

in the use of the conventional techniques."[6]

Both of the affidavits submitted in support of the wiretaps of Lee's telephones contained explanations of the investigative techniques used.[7] Both also discussed that the investigative techniques were not believed to be sufficient to meet the goals of the investigation. Both affidavits discuss the use of alternative investigative techniques such as confidential sources, undercover activity/undercover agents, interviews of subjects/associates, grand jury investigation, physical surveillance, covert tracking, fixed surveillance, search warrants, telephone toll analysis and pen register analysis, trash searches/pulls, mail covers, and use of police records.[8] The affidavits discuss in detail why each alternative would be unsuccessful to employ.

Defendant specifically argues that the Government should have issued search warrants for the residences of Lee and Blair and that the Government should have attempted to arrest Lee and Blair. Defendant Pichardo-Martinez claims that wiretaps were unnecessary because Lee and Blair would likely cooperate and their cooperation would have been an alternative to the wiretaps.

As to the search warrants, the affiant states that he and his colleagues "have no way of reasonably knowing when drugs (or drug proceeds) will be present and interceptions to date over TT-1 have not revealed the type of precise information needed to obtain a search warrant" and that a search warrant would be a "hit or miss affair."[9] The affiant further explained his belief that

---

[6] *Id*.
[7] Doc. 229-1 at 51-77; Doc. 229-2 at 54-86.
[8] *Id*.
[9] Doc. 229-1 at 71.

Case No. 1:15-CR-245
Gwin, J.

"Emery Lee may not 'hold' drugs for any appreciable period of time."[10] Affiant also stated the lack of any specific information indicating that any of the named targets kept documentation of their narcotics transactions or money laundering activity.[11]

As to the arrests, the affiant stated in the first affidavit that he "does not believe confronting LEE at this point would lead to the achievement of the investigatory goals. The new evidence, even in conjunction with the historical information, is not reasonably likely to persuade LEE to cooperate. Confronting LEE with the wiretap evidence alone obviously reveals the existence of the investigation (prematurely) and will not convince him of personal peril."[12] In the second affidavit, the affiant stated that approaching Lee "even if he would be inclined to cooperate (which is not likely)- would not significantly advance the overall investigation. To the contrary it would likely jeopardize the investigation by revealing federal law enforcement interest."[13]

Given the detailed explanation of the inadequacy of the alternative techniques and the deference afforded to the issuing judge's electronic surveillance order, this Court finds that the facts submitted in the affidavits allow a finding that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous."

For the above reasons, this Court **DENIES** Defendant's motion to suppress.

IT IS SO ORDERED.

---

[10] *Id.*
[11] *Id.*
[12] Doc. 229-1 at 60.
[13] Doc. 229-2 at 65.

Case No. 1:15-CR-245
Gwin, J.

Dated: December 21, 2015                                  s/ *James S. Gwin*
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE