IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 5:15CR00245 |
| | ) | |
| | ) | JUDGE JAMES S. GWIN |
| Plaintiff | ) | |
| | ) | SENTENCING MEMORANDUM |
| v. | ) | |
| | ) | |
| ANGEL PICHARDO-MARTINEZ | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

Now comes Defendant, ANGEL PICHARDO-MARTINEZ, by and through his undersigned attorney, Richard H. Drucker , and hereby submits the attached sentencing memorandum.

        Respectfully submitted,

        /s/ Richard H. Drucker

        _____
        Richard H. Drucker, #0002466
        Attorney for Defendant
        Suite 800
        820 West Superior Avenue
        Cleveland, Ohio 44113
        (216) 771-1900

# MEMORANDUM

## I. Introduction

As an initial matter, Mr. Pichardo-Martinez pleaded guilty to the instant offense and stands before this Court accepting of its punishment. The Defendant does not accept punishment bitterly, but views his arrest as a chance to remove himself from the criminal culture, a chance to make amends, and a second chance at life. The Defendant is remorseful for his conduct and his actions demonstrate his remorse. Since his arrest, the Defendant has facilitated the administration of justice by waiving many substantive rights, pleading guilty, and admitting his conduct to the authorities. The Defendant wishes to further repay society through successfully serving this Court's sentence and achieving total rehabilitation so that he never again becomes involved in illegal conduct in the future.

The Defendant understands the severity of his offense and that this Court must punish him for his illegal conduct. In handing down its punishment, the Defendant respectfully asks that this Court ensure that the Guidelines are calculated correctly but suggests that the Guidelines are only advisory and that there are unique circumstances that led to the Defendant's unlawful conduct. After accurately calculating the Guidelines, the Defendant asks this Court to consider factors unique to him in arriving at a sentence

that is sufficient but not greater than necessary to achieve the goals of sentencing under § 3553(a).

## II.     Factual Considerations

The Defendant acknowledges most of the factual allegations contained in the indictment accurately describe his criminal conduct that led to his arrest and conviction. Specifically, he admits to supplying Emery Lee with cocaine and heroin from New York to Akron and he knew that Emery Lee was distributing these drugs to drug dealers in Akron for sale.

Prior to being involved in drug trafficking Mr. Pichardo Martinez lived a clean and honorable life.  He was born in the Dominican Republic on September 4, 1984 and grew up in a strong family environment without drugs, alcohol or physical abuse.  In approximately 2003, when he was 19 years old, he immigrated to the United States to live with his father in New York.  On September 18, 2009, he was sworn in as a United States citizen, which requires a determination by the U.S. government that he is a person of good moral character.  Subsequently, he brought his mother to the United States.  He has four brothers and sisters, two whom reside in the United States.

In 2007, Mr. Pichardo-Martinez married co-Defendant Lesly Pichardo Feliz, who was pregnant at the time.  He accepted her child, Hailie Cruz (age 11), as his own and later the couple had two biological children, Angely (age 10) and Angel (age 5).  In 2012, they divorced but have continued to live off and on through 2014.  Mr. Pichardo-

Martinez loves his children and has always provided for their emotional and financial support.  Additionally, the Defendant still loves his ex-wife and desires that she have a peaceful and happy life.

Mr. Pichardo-Martinez has pursued educational and vocational training both in the Dominican Republic and the United States.  In the Dominican Republic he graduated from Sanjua Dautista High School and earned certificates in professional refridgeration.  In the United States he attended Atlas Barber School in New York.  From 2005 through 2010, Mr. Pichardo-Martinez worked at Shorty Barber Shop in Bronx, New York.  From 2010 through September, 2014, he worked at Carlos Auto Repair in Bronx, New York.  He takes pride in hard work and was well regarded by his employers.

Mr. Pichardo-Martinez had no involvement with the criminal justice system until he was 26 years old (2010).  He currently is 31 years old.  His criminal history is a mere 5 years old.

Attached as Exhibits hereto is his Certificate of Naturalization, degrees and certificates, letters from his mother and father and some family photos.

**Argument**

**The Guidelines Produce a Range of Imprisonment in this Case that is Greater than Necessary to Achieve the Goals of Sentencing, in Direct Conflict with the Sentencing Mandate under 18 U.S.C. § 3553(a).**

As discussed below, although a sentencing court must accurately calculate and

consider the Guidelines, it then has a duty to consider factors independent of the Guidelines in arriving at a final sentence that is in compliance with the sentencing mandate of § 3553(a) – that is, a sentence no greater than necessary to achieve the four goals of sentencing – retribution, deterrence, incapacitation, and rehabilitation. In the instant case, the range of imprisonment of 121-151 months (level 29, criminal history IV) listed in the PSI is greater than necessary to achieve the goals of sentencing. None of the other Defendants, except Emery Lee (115 months) in this case has received a sentence near 121-151 months, even though they were involved in the conspiracy that involved multiple kilograms of cocaine and heroin over an extended period of time.

  As this Court is aware, in United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory guideline system created by the Sentencing Reform Act of 1984 (SRA) was unconstitutional. The appropriate remedial measure required the severance and excision of two provisions of the federal sentencing statute, including 18 U.S.C. § 3553(b)(1), the provision that made the Guidelines mandatory. See Booker, 125 S. Ct. at 757 (2005) (Breyer, J.). "So modified, the Federal Sentencing Act, see Sentencing Reform Act of 1984, as amended, 18 U.S.C. § 3551 et seq., 28 U.S.C. § 991 et seq., makes the Guidelines effectively advisory." 125 S. Ct. 738, 757. As a consequence, the federal sentencing statute still "requires a sentencing court to consider Guidelines ranges, . . . , but it permits the court to tailor the sentence in light of other statutory concerns as well." Id.

### (A) The § 3553(a) Sentencing Mandate

After Booker, federal sentencing is vastly different. Treating the Guidelines as advisory requires that the Court consider the guideline range calculation as merely one of many factors in determining a sentence *no greater than necessary to achieve the goals of sentencing* set forth in 18 U.S.C. § 3553(a)(2). See, Gall v. United States, 128 S.Ct. 586, 597 n.6 (2007); Kimbrough v. United States, 128 S.Ct. 558, 570 (2007). The overriding principle and mandate of § 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to achieve the four purposes of sentencing set forth in Section 3553(a)(2): (a) retribution; (b) deterrence; (c) incapacitation; and (d) rehabilitation. Id.

> The "sufficient but not greater than necessary" requirement has been referred to as the "parsimony provision." See, United States v. Denardi, 892 F.2d 269, 276-77 (3rd Cir. 1989). This Circuit has found that the parsimony provision serves as "the guidepost for sentencing decisions post-Booker" and sets an independent limit on the sentence a court may impose. United States v. Ferguson, 456 F.3d 660, 667 (6th Cir. 2006), see also United States v. Cull, 446 F. Supp. 2d 961, 963 (E.D. Wis. 2006). Since § 3553(a) requires sentence to be no greater than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes is reversible, even if within guideline range. Id.

### (B) The Guidelines and Other Factors Courts Must Consider in Determining a Punishment that Fulfills the Sentencing Mandate under § 3553(a)(2)

In determining the sentence minimally sufficient to comply with the Section 3553(a)(2) purposes of sentencing, the court must consider several factors listed in Section 3553(a). Those factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed–
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the advisory guideline range;
>
> (5) any pertinent policy statements issued by the Sentencing Commission;
>
> (6) the need to avoid unwarranted sentence disparities; and
>
> (7) the need to provide restitution to any victims of the offense.

See, 18 U.S.C. § 3553(a) (2007).  See generally, Rita v. United States, 127 S.Ct. 2456, 2463-65 (2007); Kimbrough v. United States, 128 S.Ct. 558 (2007); Gall v. United States, 128 S.Ct. 586 (2007); Spears v. United States, 129 S.Ct. 840 (2009).

While district courts must in all cases "consider" the guideline range, Booker, 543 U.S. 220, 245-46, the Guidelines do not subordinate the other factors in § 3553(a). As this Circuit has pointed out, the sentencing mandate under § 3553(a) serves as "the guidepost for sentencing decisions post-Booker" Ferguson, 456 F.3d at 667, and the

Guidelines carry no more weight than any other factor under § 3553(a).  Importantly, a sentencing court may not presume that a sentence within the guideline range is reasonable. Rita, 127 S. Ct. at 2463-65.  In a post-Booker world federal district judges have significant discretion to impose sentences below (or above) those called for under the Sentencing Guidelines. See, Spears v. United States, 129 S. Ct. 840 (2009); Kimbrough v. United States, 128 S. Ct. 558, 570 (2007);  Gall v. United States, 128 S. Ct. 586, 597 n.6 (2007).  The Supreme Court has made clear that district courts need not impose sentences greater than they believe necessary out of fear of reversal. Rita at 2467. Instead, after determining the Guideline range, the sentencing court may decide that a sentence in that range:

> should not apply, perhaps because (as the Guidelines themselves foresee) the case at hand falls outside the "heartland" to which the Commission intends individual Guidelines to apply, U.S.S.G. § 5K2.O, perhaps because the Guidelines sentence itself fails properly to reflect § 3553(a) considerations, or perhaps because the case warrants a different sentence regardless. See Rule 32(f).

Rita, 127 S.Ct. at 2465.  District courts may even consider arguments that a particular guideline reflects "an unsound judgment" generally. Rita at 2468; Spears, at 843.  The appellate courts should not disturb the court's judgment if the sentencing judge provides reasons for the sentencing decision. Rita, at 2468.

### C. Mitigating Factors to Be Taken into Consideration in Determining a Sentence That Is No Greater than Necessary to Achieve the Goals of Sentencing under § 3553(a).

Admittedly, the Defendant's crimes of Conspiracy to Possess Cocaine and Heroin

with Intent to Distribute and two counts of Use of Communication Facity to Facilitate Drug Trafficking are serious offenses that require punishment.  The resulting penalty under the Guidelines is  unjust and greater than necessary to achieve the goals of sentencing.

Mr. Pichardo-Martinez would ask the Court to consider the following mitigating factors when arriving at a fair sentence:

1.   <u>The advisory guideline is "greater than necessary" and too draconian and the purpose of sentencing is satisfied by a sentence below the guidelines</u>.  See <u>U.S. v. Redemann</u>, 295 F. Supp. 2d  887  (E.D. Wisc. 2003)   Admittedly the Defendant has a notable criminal history. However, his first criminal trafficking conviction was at age 26 and involved a small amount of cocaine  and he served eighteen months in prison. His second drug related charge, in Bucks County, PA, involved an attempt to purchase cocaine pursuant to this conspiracy from undercover law enforcement officers at age 30 and again he was sentenced to 15-30 months in custody.  He has no history of violence.  His career offender status enhances his exposure by 151 months.

2.    <u>The Defendant's criminal history over represents the seriousness of past criminal conduct</u>.  See <u>U.S. v. Thomas</u>, 361 F. 3d 653 (D.C. Cir. 2004) and <u>U.S. v. Lawrence</u>, 916 F. 2d. 553 (9th cir. 1990)   Mr. Pichardo-Martinez was attempted to purchase drug for Emery Lee in the incident in Buck County, PA.  It really was part of the pending charges in the matter herein. However, the 3 points he receives on the bucks County charges enhances his criminal history category from III to IV.

3. <u>Unlikely to be a Recidivist</u>-  The Court might disagree with counsel but due to Defendant's strong family ties and his stellar work ethic, counsel believes that he will never commit any future crimes.  See U<u>.S. v. Nellum</u>, 2005 WL 300073 (N.D. Ind. Feb. 3, 2005).

4. <u>Excellent Employment History</u>   The Defendant is a self- made man that has a an excellent recent work history.  See <u>U.S. v. Thompson</u>, 74 F. Supp. 2d (D. Mass. 1999)

5.  <u>The Defendant has Shown Extreme Remorse</u>  See <u>U.S. v. Fagan</u> 162 F. 3d 1280 (10th Cir. 1998). This will be born out at his sentencing.

6..  <u>Disparity in Sentencing</u>   See <u>U.S. v. Tzoc-Sierra</u>, 387 F. 3d 978 (9th Cir. 2004).  The Defendant admits  the alleged acts in the indictment but faces the greatest sentence because of his criminal history, by twofold, except for Emery Lee.  The disparity in sentences of co-Defendants between Mr. Pichardo-Martinez and his co-Defendants mandates a downward departure.  He has a lesser criminal history than Mr. Lee, who has criminal convictions dating back thirty years.

        Respectfully submitted,

        /s/ Richard H. Drucker

        _____
        Richard H. Drucker, Esq.

CERTIFICATE OF SERVICE

A copy of the foregoing motion was served by electronic means on the United States Attorney, Attorney for Plaintiff, this 15th day of April, 2015.

/s/ Richard H. Drucker

_____
Richard H. Drucker