UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
 : 
UNITED STATES OF AMERICA, : CASE NO. 5:15-CR-245
 : 
    Plaintiff, : 
 : 
  vs. : OPINION & ORDER
 : [Resolving Docs. 558, 559]
ANGEL PICHARDO-MARTINEZ, : 
 : 
    Defendant. : 
 : 
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Angel Pichardo-Martinez requests jail time credit for the time he served in federal custody.[1] The United States opposes Pichardo-Martinez's request.[2] For the following reasons, the Court **DENIES** Pichardo-Martinez's motions.

## I. BACKGROUND

On July 1, 2015, an unsealed federal indictment charged Defendant Pichardo-Martinez with one count of conspiracy with intent to distribute cocaine, cocaine base, and heroin and two counts of use of a communication facility to facilitate a drug trafficking offense.[3]

When the federal indictment was unsealed, Defendant was in Pennsylvania state custody serving time for unrelated offenses.[4] On September 11, 2015, Defendant claims he was taken into federal custody so he could appear at his September 25, 2015 arraignment for the federal charges.[5]

Defendant later pleaded guilty to the charges.[6]

---

[1] Pichardo-Martinez filed a motion for jail time credit through his attorney. Doc. 558. Pichardo-Martinez then filed a *pro se* motion to amend judgment, seeking the same jail time credit. Doc. 559.
[2] Docs. 560, 561.
[3] Doc. 1.
[4] *See* Docs. 126, 132.
[5] Doc. 558 at 1; Doc. 559 at 2.
[6] Doc. 355.

Case No. 5:15-cr-245
Gwin, J.

On April 19, 2016, the Court sentenced Defendant to 100 months of federal custody followed by five years of supervised release.[7] Defendant states that he remained in federal custody until May 2016, when he was presumably transferred back to state custody.[8] He is currently in federal custody at FCI-Gilmer in Glenville, West Virginia.[9]

Defendant now moves to obtain jail time credit for the time he served in federal custody between September 11, 2015 and May 2016.[10] The government opposes Defendant's request.[11]

## II. ANALYSIS

Under 18 U.S.C. § 3585(b), a defendant is entitled to

> credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.[12]

The government argues that Defendant is not entitled to credit against his federal sentence for the time period in question because the government had only borrowed Defendant from Pennsylvania state custody during that time.[13] The government argues that therefore the time served in federal custody would have only applied to Defendant's state sentence.[14]

But as the government also points out,[15] that determination is not initially for this Court to make. Rather, the power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons (BOP).[16] Prisoners who are dissatisfied with BOP's calculation may

---

[7] Doc. 477.
[8] Defendant's *pro se* motion states he was in federal custody until May 15, 2016. Doc. 559 at 2. His attorney's motion says he was in federal custody until May 5, 2016. Doc. 558 at 1.
[9] Doc. 561 at 2.
[10] Docs. 558, 559.
[11] Docs. 560, 561.
[12] 18 U.S.C. § 3585(b)(2).
[13] Doc. 561 at 3.
[14] *Id.*
[15] *Id.* at 2-3.
[16] *See* United States v. Wilson, 503 U.S. 329, 333 (1992); United States v. Crozier, 259 F.3d 503, 520 (6th Cir. 2001).

Case No. 5:15-cr-245
Gwin, J.

administratively appeal.[17] After doing so, but only after doing so, they may seek review of BOP's determination in federal district court.[18]

The proper mechanism for a prisoner to obtain judicial review after exhausting his administrative remedies is to petition for a writ of habeas corpus challenging the execution of his sentence under 28 U.S.C. § 2241.[19] § 2241challenges must be brought in the district where the prisoner is confined.[20]

Here, there is no indication that Defendant has exhausted his administrative remedies. Moreover, once he has, the proper court for a § 2241 petition would be the district court in the West Virginia district that contains FCI-Gilmer, where Defendant is incarcerated. Either way, this Court cannot consider at this time whether Defendant is entitled to jail time credit.

### III. CONCLUSION

For the above reasons, the Court **DENIES** Defendant's motions to obtain jail time credit.

IT IS SO ORDERED.

Dated: March 14, 2018
                                                *s/ James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

[17] *See* 28 C.F.R. §§ 542.10-542.19.
[18] *United States v. Oglesby*, 52 F. App'x 712, 714 (6th Cir. 2002).
[19] *Id.*; *see* 28 U.S.C. § 2241.
[20] *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) *(*"Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.") (citations omitted).